Joseph F. Postnikoff
State Bar No. 16168320
Kevin G. Herd
State Bar No. 24027017
LAW OFFICES OF
JOSEPH F. POSTNIKOFF, PLLC
777 Main Street, Suite 600
Fort Worth, Texas 76102
Telephone: 817.335.9400
jpostnikoff@postnikofflaw.com
kherd@postnikofflaw.com

COUNSEL FOR SHAWN K. BROWN, CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| SPECIALTY SELECT CARE CENTER § | CASE NO.: 17-44248-ELM-7 |
| OF SAN ANTONIO, LLC, § | |
| § | |
| Debtor. § | |

**APPLICATION FOR ORDER APPROVING EMPLOYMENT OF SPECIAL LITIGATION COUNSEL AND RELATED RELIEF**

**IMPORTANT NOTICE**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT BEFORE CLOSE OF BUSINESS WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF, WHICH DATE IS MAY 9, 2022.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON THIS MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Shawn K. Brown, Chapter 7 Trustee in the above-styled and numbered chapter 7 bankruptcy case ("Trustee"), and hereby files this *Application for Order Approving Employment of Special Litigation Counsel and Related Relief* (this "Application") and would respectfully show as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The relief requested in this Application is authorized under 11 U.S.C. §§ 327(a), 328(a) and 704 and Federal Rules of Bankruptcy Procedure 2014 and 2016.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H), (K) and (O).

**Background**

5. On October 20, 2017, Specialty Select Care Center of San Antonio, LLC ("Debtor") filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code commencing this case. Shawn K. Brown was subsequently appointed and qualified to serve as Chapter 7 Trustee.

6. On September 20, 2018, the Trustee filed his *Application for Approval of Employment of Goodrich Postnikoff & Associates, LLP as Counsel for Trustee* (the "GPA Employment Application") [Docket No. 14] wherein the Trustee sought approval for the employment of the firm of Goodrich Postnikoff & Associates, LLP ("GPA") as his general bankruptcy counsel. On September 25, 2018, this Court entered its Order granting the GPA Employment Application [Docket No. 15]. Following its employment, GPA represented and

provided general bankruptcy counsel to the Trustee until April 30, 2020 at which time GPA ceased operations.

7. On May 27, 2020, the Trustee filed his *Application for Approval of Substitution and Employment of the Law Offices of Joseph F. Postnikoff, PLLC as Counsel for the Chapter 7 Trustee* [Docket No. 21] (the "Substitution Application") seeking authorization to substitute and employ the Law Offices of Joseph F. Postnikoff, PLLC ("PostnikoffLaw") as his general bankruptcy counsel in the subject proceeding. On June 4, 2020, this Court entered its Order granting the Substitution Application [Docket No. 23].

### Pre-Litigation Investigation and Commencement of Adversary Proceeding

8. Since engagement as general bankruptcy counsel for the Trustee, both GPA and PostnikoffLaw (jointly, "General Bankruptcy Counsel"), performed, among others services, an investigation into various pre-petition transaction between and among the Debtor and Lloyd Douglas, individually, Lloyd Douglas Enterprises L.C. and other affiliated entities. Following the investigation, the Trustee determined there was sufficient cause to commence litigation against Lloyd Douglas, individually, Lloyd Douglas Enterprises L.C. as well as other affiliated entities of Lloyd Douglas (collectively, the "Douglas Entities").

9. On August 14, 2020, the Trustee commenced Adversary Proceeding No. 20-04060-elm styled *Shawn K. Brown, Chapter 7 Trustee for Specialty Select Care Center of San Antonio, LLC, Plaintiff, v. Lloyd Douglas, Individually, et al* alleging against the Douglas Entities various causes of action under 11 U.S.C. §§ 542, 544(b), 547, 548, 550 and the Texas Uniform Fraudulent Transfer Act, outlined in greater detail in the adversary complaint, as amended (the "Adversary Proceeding").

10. The Trustee and Douglas Entities have agreed on a trial docket setting of December 5, 2022 and are currently working on drafting an agreed scheduling order for presentation to this Court.

## Special Litigation Counsel

11. The Adversary Proceeding is anticipated to be very complex and time consuming litigation. As a result, the Trustee and PostnikoffLaw have conferred with Jerry C. Alexander of Passman & Jones, A Professional Corporation ("Passman & Jones")[1] concerning working jointly with PostnikoffLaw to prosecute the Adversary Proceeding as Special Litigation Counsel. Passman & Jones has, together with PostnikoffLaw, agreed to engagement as Special Litigation Counsel for the Trustee on the terms and conditions set forth in the April 8, 2022, engagement agreement attached hereto and incorporated herein as **Exhibit A** (the "Engagement Agreement").

12. Pursuant to the Engagement Agreement, PostnikoffLaw and Passman & Jones will work on a contingency fee basis with compensation for services rendered equal to 40% of the gross recovery from the litigation against the Douglas Entities (the "Contingent Fee"). PostnikoffLaw and Passman & Jones will divide the Contingent Fee in a manner agreeable to them.

13. Additionally, any costs previously advanced and yet to be advanced by PostnikoffLaw and Passman & Jones shall be reimbursed out of any proceeds from the litigation against the Douglas Entities, without counting against the Contingent Fee[2].

---

[1] Passman & Jones maintains its offices at 2500 Renaissance Tower, 1201 Elm Street, Dallas, Texas 75270-2599.

[2] Consistent with the *Order Granting Application for Approval of Employment of Expert* [Docket No. 31] entered February 17, 2022, such costs shall be accorded co-equal priority with advances made or which may be made, from time to time, by counsel for the personal injury/wrongful death claimants in the subject bankruptcy case.

14. General Bankruptcy Counsel shall waive all rights to compensation, on an hourly basis, for services rendered with respect to the pre-litigation investigation and initial phases of the Adversary Proceeding; however, consistent with the Orders entered on the GPA Employment Application and Substitution Application, General Bankruptcy Counsel shall be entitled to seek compensation and reimbursement of expenses incurred while performing all other duties as counsel for the Trustee in the general administration of the subject bankruptcy estate.

### Relief Requested

15. In this Application, the Trustee seeks an order authorizing the Trustee to engage Passman & Jones, together with PostnikoffLaw, as special litigation counsel to prosecute the Adversary Proceeding to conclusion and modifying and amending the terms of employment and compensation set forth in the GPA Employment Application and Substitution Application as well as the Orders approving those applications such that neither GPA nor PostnikoffLaw shall be compensated, on an hourly basis, for services rendered with respect to the pre-litigation investigation and initial phases of the Adversary Proceeding.

16. As compensation for services rendered by special litigation counsel, the Trustee seeks approval of a contingent fee equal to 40% of the gross recovery, to be allocated between PostnikoffLaw and Passman & Jones as agreed to by the firms. Further, any costs previously advanced and yet to be advanced by PostnikoffLaw and Passman & Jones shall be reimbursed out of any proceeds from the litigation against the Douglas Entities to the party or attorney having advanced same, without counting against the Contingent Fee.

### Applicable Authority

17. Pursuant to section 327(a) of the Bankruptcy Code, "[T]he trustee, with the court's approval, may employ one or more attorneys . . . or other professional persons, that do

not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or asset the trustee in carrying out the trustee's duties under this title."

18. Additionally, pursuant to section 328(a) of the Bankruptcy Code, "[T]he trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.".

**Employment of Special Litigation Counsel is In the Best Interests of the Estate**

19. The Trustee, in the exercise of his sound business judgment, believes employment of Passman & Jones, together with PostnikoffLaw, as his special litigation counsel to prosecute the Adversary Proceeding to conclusion, on the terms and conditions contained in this Application and the Engagement Agreement, is in the best interests of the estate of the Debtor.

20. To the best of the Trustee's knowledge, information and belief, neither Passman & Jones, nor its shareholders or other professionals thereof, have any connection with the Debtor, its creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, that would conflict with the services provided or to be provided to the Trustee.

21. Further, the Trustee believes that neither Passman & Jones, nor its shareholders or other professionals thereof, hold or represent any interest adverse to the Trustee, Debtor or any creditors in this case, in the matters for which it is proposed to be retained and is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. Attached hereto and incorporated herein as **Exhibit B** is the Affidavit of Jerry C. Alexander of the firm of Passman & Jones in support of this Application.

22. The Trustee's proposed form of Order approving this Application is attached hereto and incorporated herein as **Exhibit C**.

**WHEREFORE**, Shawn K. Brown, Chapter 7 Trustee herein, respectfully requests this Court enter an Order authorizing the employment of Passman & Jones, together with PostnikoffLaw, as his special litigation counsel upon the terms and conditions contained herein, for modification and amendment of the terms of employment and compensation of Trustee General Bankruptcy Counsel as set forth herein and for such other and further relief to which the Trustee may be shown justly entitled.

Dated this the 18th day of April, 2022.

Respectfully submitted,

LAW OFFICES OF JOSEPH F. POSTNIKOFF, PLLC
777 Main Street, Suite 600
Fort Worth, Texas 76102
Telephone: 817.335.9400
Email: jpostnikoff@postnikofflaw.com
Email: kherd@postnikofflaw.com


By: /s/ Joseph F. Postnikoff
    Joseph F. Postnikoff
    State Bar No. 16168320
    Kevin G. Herd
    State Bar No. 24027017

COUNSEL FOR SHAWN K. BROWN,
CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the 18th day of April, 2022, a copy of the foregoing Application was served via ECF on all parties registered to receive service by ECF and by first-class United States mail, postage prepaid, on the persons named on the attached service list.

                                             /s/ Joseph F. Postnikoff
                                               Joseph F. Postnikoff

United States Trustee
1100 Commerce Street
Room 9C60
Dallas, TX 75242

Davor Rukavina
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75202-2790

McKesson Medical-Surgical Minnesota Supply Inc.
Attn: Stephanie Hampton
4345 Southpoint Blvd.
Jacksonville, FL 32216

Mobilex USA
930 Ridgebrook Road, 1st Floor
Sparks, MD 21152

Specialty Select Care Center of San Antonio
P.O. Box 1745
Aledo, TX 76008

Leslie M. Luttrell
Luttrell & Carmody Law Group
One International Centre
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216

Lloyd Douglas Enterprises I, Ltd.
Attn: Lloyd Douglas
P.O. Box 1745
Aledo, TX 76008

Michelle M. Maloney
Marynell Maloney Law Firm
922 South Alamo Street
San Antonio, TX 78205

Susan B. Hersh
Susan B. Hersh, P.C.
12770 Coit Road
Suite 850
Dallas, TX 75251

Texas Health & Human Services Comm
701 West 51st Street
Mail Code W-615
Austin, Texas 78751

Lloyd Douglas
P.O. Box 1745
Aledo, TX 76008

Thomas McKenzie
10107 McAllister Frwy.
San Antonio, TX 78216

# Exhibit A



**Passman & Jones**

A Professional Corporation

Jerry C. Alexander
214-698-3579
alexanderj@passmanjones.com
Fax: 214-748-7949

ATTORNEYS AT LAW
2500 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2599
www.passmanjones.com

April 8, 2022

Shawn K. Brown, Trustee
The Law Office of Shawn K. Brown, P.C.
P.O. Box 93749
Southlake, TX 76092

Re: Case No. 17-44248-elm-7 – *In re Specialty Select Care Center of San Antonio, LLC, Debtor*, In the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division

Case No. 20-04060-elm – *Shawn K. Brown, Chapter 7 Trustee for Specialty Select Care Center of San Antonio, LLC v. Lloyd Douglas, et al.*, In the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (***"the Litigation"***)

Dear Mr. Brown:

This letter confirms Shawn K. Brown, Chapter 7 Trustee ("***the Trustee***") in the above-captioned bankruptcy case, seeks to retain Passman & Jones, P.C. and Law Offices of Joseph F. Postnikoff, PLLC ("***the Firms***") as special litigation counsel to represent the Chapter 7 Bankruptcy Estate of Specialty Select Care Center of San Antonio, LLC in the Litigation.

The Firms are amenable to representing the Trustee Select and all interests pertinent thereto in the above-captioned litigation, on a contingent fee basis of 40% (forty percent) of the gross recovery. The Firms will also see to it that any of the reasonable costs of litigation are advanced by the law firms working on the case, if the Estate cannot otherwise fund these costs.

The Firms will divide the contingent fees proposed in a manner agreeable to them. Any costs previously advanced will be first reimbursed out of any settlement proceeds to the party or attorney having advanced same, without counting against the contingent fee. For example, if there was a $1,000,000 total recovery and $100,000 was due for repayment for costs advanced, the 40% contingent fee would be $400,000 and the $100,000 would additionally be reimbursed, so that the attorneys' fees are always 40% of the total recovery. The Law Offices of Joseph F. Postnikoff, PLLC will be primarily responsible for payment of the costs.

The following terms will apply to this retention:

1. The Firms will withdraw from the representation at any time you ask us to, but even if we do so will retain their contingent fee interest.

2. We must reserve the right to withdraw if legally required to do so or at the Firms' option, under any of the following circumstances:

April 8, 2022
Page 2

    a.    the failure to cooperate and comply fully with any reasonable request of the Firms about your case;

    b.    engaging in conduct or making statements that render it unreasonably difficult for the Firms to carry out the purposes of their employment;

    c.    insisting that the Firms engage in conduct that is contrary to our judgment and advice; or

    d.    threatening not to pay or failure to pay fees and costs as provided in this agreement.

In any of these events the Firms will still retain their contingent fee interest.

The Firms may also withdraw voluntarily at any time, in which event the contingent fee will be adjusted so new counsel can be retained.

Thank you for your attention to this matter.

Very truly yours,

*[signature]*
Jerry C. Alexander, President,
for PASSMAN & JONES, P.C.

*[signature]*
Joseph F. Postnikoff, for LAW OFFICES OF
JOSEPH F. POSTNIKOFF, PLLC

JCA/sdc

Read and agreed to be effective
the 11th day of April, 2022

*[signature]*
Shawn K. Brown, Trustee for
Specialty Select Care Center of San Antonio, LLC

459760

**EXHIBIT "B"**

Joseph F. Postnikoff
State Bar No. 16168320
Kevin G. Herd
State Bar No. 24027017
LAW OFFICES OF JOSEPH F. POSTNIKOFF, PLLC
777 Main Street, Suite 600
Fort Worth, Texas 76102
Telephone: 817.335.9400
Email: jpostnikoff@postnikofflaw.com
Email: kherd@postnikofflaw.com

COUNSEL FOR SHAWN K. BROWN,
CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| SPECIALTY SELECT CARE CENTER OF SAN ANTONIO, LLC, | § § § § | CASE NO.: 17-44248-ELM-7 |
| Debtor. | § | |

**AFFIDAVIT OF JERRY C. ALEXANDER IN SUPPORT OF APPLICATION FOR ORDER APPROVING EMPLOYMENT OF SPECIAL LITIGATION COUNSEL AND RELATED RELIEF**

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF DALLAS | § |

Jerry C. Alexander, being duly sworn in view of the Application for Order Approving Employment of Special Litigation Counsel filed by Shawn K. Brown, Trustee of the above- styled and numbered bankruptcy estate (the "Trustee"), hereby deposes and states:

1. My name is Jerry C. Alexander. I am over twenty-one (21) years of age, of sound mind, capable of making this Affidavit and fully competent to testify to the matters stated herein, and I have personal knowledge of the matters set forth herein.

2. I am an attorney licensed to practice law in the State of Texas. I am President of Passman & Jones, a Professional Corporation ("Passman & Jones"). I have read the Application for Order Approving Employment of Special Litigation Counsel and Related Relief (the "Application")1 and hereby certify that the statements contained therein are true and correct.

3. On August 14, 2020, the Trustee commenced Adversary Proceeding No. 20-04060-elm styled *Shawn K. Brown, Chapter 7 Trustee for Specialty Select Care Center of San Antonio, LLC, Plaintiff, v. Lloyd Douglas, Individually, et al* alleging against the Douglas Entities various causes of action under 11 U.S.C. §§ 542, 544(b), 547, 548, 550 and the Texas Uniform Fraudulent Transfer Act, outlined in greater detail in the adversary complaint, as amended (the "Adversary Proceeding").

4. The Trustee and Douglas Entities have agreed on a trial docket setting of December 5, 2022 and are currently working on drafting an agreed scheduling order for presentation to this Court.

5. The Adversary Proceeding is anticipated to be very complex and time consuming litigation. As a result, the Trustee and PostnikoffLaw have conferred with my firm concerning working jointly with PostnikoffLaw to prosecute the Adversary Proceeding as Special Litigation Counsel. Passman & Jones has, together with PostnikoffLaw, agreed to engagement as Special Litigation Counsel for the Trustee on the terms and conditions set forth in the April 8, 2022, engagement agreement attached to the Application as **Exhibit A** (the "Engagement Agreement").

6. In the Application, the Trustee seeks an order (a) authorizing the Trustee to engage Passman & Jones, together with the Law Offices of Joseph F. Postnikoff, PLLC ("PostnikoffLaw"), as special litigation counsel to prosecute the Adversary Proceeding to

---

1 Capitalized terms shall have the same meaning ascribed to them in the Application.

**In re Specialty Select Care Center of San Antonio, LLC, Debtor**
**Affidavit of Jerry C. Alexander in Support of Application for Order Approving Employment of**
**Special Litigation Counsel and Related Relief – Page 2**

conclusion and (b) modifying and amending the terms of employment and compensation set forth in the GPA Employment Application and Substitution Application as well as the Orders approving those applications such that neither GPA nor PostnikoffLaw shall be compensated, on an hourly basis, for services rendered with respect to the pre-litigation investigation and initial phases of the Adversary Proceeding.

7. As compensation for services rendered by special litigation counsel, the Trustee seeks approval of a contingent fee equal to 40% of the gross recovery, to be allocated between PostnikoffLaw and Passman & Jones as agreed to by the firms. Further, any costs previously advanced and yet to be advanced by PostnikoffLaw and Passman & Jones shall be reimbursed out of any proceeds from the litigation against the Douglas Entities to the party or attorney having advanced same, without counting against the Contingent Fee.

8. To the best of my knowledge, information and belief, neither Passman & Jones, nor its shareholders or other professionals thereof, have any connection with the Debtor, its creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, that would conflict with the services provided or to be provided to the Trustee.

9. Further, to the best of my knowledge, information and belief, neither Passman & Jones, nor its shareholders or other professionals thereof, hold or represent any interest adverse to the Trustee, Debtor or any creditors in this case, in the matters for which it is proposed to be retained and is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

In re Specialty Select Care Center of San Antonio, LLC, Debtor
Affidavit of Jerry C. Alexander in Support of Application for Order Approving Employment of
Special Litigation Counsel and Related Relief – Page 3

_____
Jerry C. Alexander

SWORN TO AND SUBSCRIBED BEFORE ME on this the 14th day of April 2022.

_____
NOTARY PUBLIC in and for the State of Texas

RUTH NORMA VERA
ID #2618518
My Commission Expires
April 11, 2025

---

**In re Specialty Select Care Center of San Antonio, LLC, Debtor**
**Affidavit of Jerry C. Alexander in Support of Application for Order Approving Employment of**
**Special Litigation Counsel and Related Relief – Page 4**

# Exhibit C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| SPECIALTY SELECT CARE CENTER § | CASE NO.: 17-44248-ELM-7 |
| OF SAN ANTONIO, LLC, § | |
| § | |
| Debtor. § | |

**ORDER GRANTING APPLICATION FOR ORDER APPROVING EMPLOYMENT OF SPECIAL LITIGATION COUNSEL AND RELATED RELIEF**
**[Refers to Docket No. __]**

Came on for consideration the Application for Order Approving Employment of Special Litigation Counsel and Related Relief [Docket No. __] (the "<u>Application</u>")1 filed by Shawn K. Brown, Chapter 7 Trustee herein (the "<u>Trustee</u>"). The Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Court further finds that this is a core proceeding pursuant to 28 U.S.C. § 157.

After reviewing the Application as well as the Affidavit of Jerry C. Alexander, a

---

1 All capitalized terms contained herein shall have the meaning ascribed to them in the Application.

shareholder of Passman & Jones, A Professional Corporation ("Passman & Jones") in support of the Application, the Court finds that the Application should be granted. Accordingly, it is

**ORDERED, ADJUDGED AND DECREED** that the Application of the Trustee is granted; it is further

**ORDERED, ADJUDGED AND DECREED** that the Trustee is authorized to engage Passman & Jones, together with Law Offices of Joseph F. Postnikoff, PLLC ("PostnikoffLaw"), as special litigation counsel to prosecute the Adversary Proceeding to conclusion; it is further

**ORDERED, ADJUDGED AND DECREED** that the terms of employment and compensation set forth in the GPA Employment Application and Substitution Application as well as the Orders approving those applications are modified and amended such that neither GPA nor PostnikoffLaw shall be compensated, on an hourly basis, for services rendered with respect to the pre-litigation investigation and initial phases of the Adversary Proceeding; it is further

**ORDERED, ADJUDGED AND DECREED** that, as compensation for services rendered by special litigation counsel, a contingent fee equal to 40% of the gross recovery shall be paid to PostnikoffLaw and Passman & Jones to be allocated between PostnikoffLaw and Passman & Jones as agreed to by the firms; it is further

**ORDERED, ADJUDGED AND DECREED** that any costs previously advanced and yet to be advanced by PostnikoffLaw and Passman & Jones shall be reimbursed out of any proceeds from the litigation against the Douglas Entities to the party or attorney having advanced same, without counting against the Contingent Fee; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Trustee is authorized to take all actions necessary and appropriate to carry out the purposes and intent of this Order.

### End of Order ###

___

**In re Specialty Select Care Center of San Antonio, LLC, Debtor**
**Order Granting Employment of Special Litigation Counsel and Related Relief - Page 2**

Prepared by:

Joseph F. Postnikoff
State Bar No. 16168320
Kevin G. Herd
State Bar No. 24027017
LAW OFFICES OF JOSEPH F. POSTNIKOFF, PLLC
777 Main Street, Suite 600
Fort Worth, Texas 76102
Telephone: 817.335.9400
Email: jpostnikoff@postnikofflaw.com
Email: kherd@postnikofflaw.com

COUNSEL FOR SHAWN K. BROWN,
CHAPTER 7 TRUSTEE